IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM BAINER,<br><br>  Plaintiff,<br><br>v.<br><br>PINCKNEYVILLE CORRECTIONAL CENTER,<br><br>  Defendant. | Case No. 25-cv-358-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff William Bainer, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Bainer alleges that he was attacked by his cellmate.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

On December 12, 2024, while in his cell, Bainer got into a physical altercation with his cellmate (Doc. 1, p. 6). Bainer's cellmate hit him in the head with a hot pot, bit him on the right shoulder, and kicked him in the head (*Id.*). Bainer was transported to the local hospital where he received five staples for the injury to his head. He also had to take a Hepatitis C test (*Id.*). Bainer states that he does not know why he was placed in the cell with his cellmate, a known white supremacist. Bainer notes that he is African American (*Id.*).

## Discussion

Bainer only identifies Pinckneyville Correctional Center as a defendant. But Pinckneyville is not a proper defendant because the prison is not a "person" amendable to suit under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983"). Thus, Bainer has failed to state a claim.

From his limited allegations, it appears that Bainer may be trying to allege that staff failed to protect him from the assault by his cellmate. In order to state an Eighth Amendment failure to protect claim, a plaintiff must allege that (1) "he is incarcerated under conditions posing a substantial risk of serious harm," and (2) defendants "acted with deliberate indifference to that risk." *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). A plaintiff also must show that prison officials were aware of a specific, impending, and substantial threat to his safety, often "by showing that he complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

Bainer's Complaint fails to allege that any official at Pinckneyville was aware of a substantial threat to his safety. Although Bainer alleges that his cellmate was a white supremacist, he fails to allege that he spoke to anyone at the prison about his concerns of being housed with his cellmate. Further, his attached grievances suggest that no one at the prison was aware of any threats to his safety posed by the cellmate (Doc. 1, pp. 10-16). Bainer fails to identify any defendant who acted with deliberate indifference in placing Bainer with his cellmate.

Although Bainer could possibly amend his pleading to identify an official who acted with deliberate indifference in placing him with his cellmate, his Complaint suffers from another defect. It appears Bainer failed to exhaust his administrative remedies prior to filing his lawsuit. On the section of the Complaint asking him to identify the steps he took to exhaust his administrative remedies, Bainer notes that his grievance was denied by the institution, but he is waiting on a response from the Administrative Review Board ("ARB") (Doc. 1, pp. 4-5). He also attaches responses from the grievance officer for two grievances (*Id.* at pp. 10, 14). He received a response from one grievance on January 21, 2025, and the second response is dated January 9, 2025 (*Id.*). Neither grievance is marked for an appeal to the director, although Bainer notes that he has sent his grievance to the ARB (*Id.*).

Exhaustion is a precondition to filing suit. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004); 42 U.S.C. §1997e(a). A plaintiff cannot file his suit in anticipation that his administrative remedies will be exhausted; he must wait to bring his suit after fully exhausting his administrative remedies. *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535

3

(7th Cir. 1999) (citing 42 U.S.C. § 1997e(a)). Failure to exhaust is an affirmative defense, but when it is clear from the face of the complaint that a plaintiff has not exhausted his administrative remedies, the complaint fails to state a claim. *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). Bainer's Complaint makes it quite clear that he has not yet exhausted his administrative remedies. He states that he submitted his grievances to the ARB and is waiting on a response (Doc. 1, pp. 4-5). Further, it does not appear that the exhaustion process is unavailable to him. Thus, his lawsuit was prematurely filed and is subject to dismissal. The dismissal is without prejudice; Bainer may re-file his claim in a new lawsuit after he has fully exhausted his grievances.

## Disposition

For the reasons stated above, Bainer's Complaint is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to close the case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 2, 2025**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**